IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATHANIEL HARPE,

          Petitioner,

v.

ANTHONY WASHINGTON,

          Respondent.

1:07-cv-3060-WSD

**OPINION AND ORDER**

Petitioner Nathaniel Harpe ("Petitioner") filed this action seeking a writ of habeas corpus challenging his custody by the State of Georgia pursuant to 28 U.S.C. § 2254.

The matter is before the Court on the Motion to Dismiss Petition as Untimely filed by respondent Anthony Washington ("Respondent") [5], on Magistrate Judge Walker's Report and Recommendation on the Respondent's Motion to Dismiss (the "R&R") [12], on Petitioner's Motion for Summary Judgment [11], on Petitioner's Objections to the R&R [13], and on Petitioner's Motion to Amend Objections [14]. Upon full review, the Court determines that this action must be dismissed as untimely.

## I.   STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'"  Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess. (1976)).  With respect to those findings and recommendations to which the Defendant has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 2000, Petitioner was indicted by a grand jury in Gwinnett County, Georgia in three separate criminal actions for various counts of armed robbery, kidnapping, and false imprisonment.  On May 1, 2001, Petitioner entered

non-negotiated guilty pleas on all counts, including Alford pleas for charges contained in two of the criminal indictments.  See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970).  Petitioner was sentenced to forty years in confinement, with twenty-five years of actual incarceration.

On May 22, 2001, Petitioner filed a *pro se* motion to withdraw his guilty plea.  Petitioner argued that his guilty pleas were not voluntarily and intelligently entered through the ineffectiveness of appointed trial defense counsel because counsel erroneously advised him that an Alford plea was an "innocent plea" and promised him a minimum sentence of ten years if he entered such pleas in lieu of demanding a jury trial.  The Superior Court of Gwinnett County denied the motion on November 21, 2001.  Petitioner appealed the denial of his motion to the Georgia Court of Appeals, and the Court of Appeals affirmed on March 26, 2002.  Harpe v. State, 562 S.E.2d 521 (Ga. Ct. App. 2002).  On April 12, 2002, Petitioner sought a writ of certiorari from the Georgia Supreme Court but withdrew his application on May 9, 2002.

On October 16, 2002, Petitioner filed a motion in the trial court for an out-of-time appeal.  The court denied the motion on October 23, 2002.  Petitioner

appealed the denial to the Georgia Court of Appeals, which dismissed his appeal for lack of jurisdiction on January 8, 2003.

On March 20, 2003, Petitioner filed a state habeas corpus petition in the Coffee County Superior Court. The state court denied relief on July 9, 2004. On June 30, 2005, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause.

Petitioner signed his federal habeas corpus petition on December 5, 2007, and it was received for filing by this Court on December 10, 2007.

On January 25, 2008, Respondent moved to dismiss the petition as untimely under the one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") [5].

On February 21, 2008, Petitioner moved for "summary judgment" that Respondent's motion to dismiss was untimely [11].

On April 18, 2008, Magistrate Judge Walker issued the R&R recommending that the Court grant Respondent's motion to dismiss and deny Petitioner's motion for summary judgment [12].

Petitioner filed timely objections to the R&R [13]. On May 19, 2008 Petitioner moved to amend his objections [14].

Because Petitioner has objected to the recommendations in the R&R, the Court reviews the R&R *de novo*.

## III.   DISCUSSION

Section 2244(d) of AEDPA contains a one-year limitations period for prisoners seeking to challenge the validity of their state court convictions pursuant to 28 U.S.C. § 2254.  The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d).

Petitioner's state convictions became final on the date he withdrew his petition for certiorari with the Georgia Supreme Court – May 9, 2002.  Thus, excepting any periods tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review, Petitioner must have filed his habeas corpus petition within one year of May 9, 2002.

Petitioner waited 160 days from the date his conviction became final to the date on which he filed an out-of-time appeal with the Georgia trial court.  The limitations period was then tolled until October 23, 2002, the date when the motion was denied.  As Magistrate Judge Walker correctly notes, the limitations period was not tolled during the pendency of Petitioner's improper appeal of the trial court's denial of the out-of-time appeal to the Georgia Court of Appeals, because

that appeal was not a "proper" appeal within the meaning of AEDPA. See <u>Artuz v. Bennett</u>, 531 U.S. 4, 9 (2000).

Petitioner's limitation period ran for another 148 days until he filed for state post-conviction relief on March 20, 2003. At this point, 57 days remained in the limitations period. The period began to run again on June 30, 2005, when the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause. Petitioner filed his federal habeas petition over two years after that date, and under the limitations periods of AEDPA the petition is barred.

Petitioner interposes two arguments to justify this delay. First, Petitioner contends the Court should not count legal holidays in calculating the length of tolling in this case. Under the Federal Rules of Civil Procedure, legal holidays are not excluded from AEDPA's limitations period. <u>Reddick v. Secretary, Dept. of Corrections</u>, No. 8:06-cv-1994-T-24TBM, 2007 WL 419653 at *3 (M.D. Ga. Feb. 2, 2007). And in any event, even if legal holidays were excluded in calculating the limitations period, Petitioner filed his petition over two years too late, and removing ten (10) federal holidays per year from that number would not affect the disposition of the petition.

Petitioner also argues that the Court should have tolled the limitations period until February 9, 2007, the date on which Petitioner alleges he first received a copy of the Georgia Supreme Court's denial of certificate of probable cause from his attorney. Even if the Court tolled the limitations period until February 9, 2007, his petition still would be time-barred. Petitioner would have had 57 days from February 9, 2007 to file his petition – or until Monday, April 9, 2007.[1] Petitioner filed the petition in this action nearly eight months later.

Petitioner finally argues that Respondent's Motion to Dismiss should be disregarded as untimely. Petitioner bases his argument on the length of time between Magistrate Judge Walker's December 20, 2007 Order [3] requiring Respondent to show cause within thirty (30) days why the petition should not be granted and Respondent's January 25, 2008 motion to dismiss. Magistrate Judge Walker's Order states: "Respondent shall show cause within thirty (30) days of the receipt of this Order why the writ should not be granted." Order [3] (Dec. 20, 2007) at 1. The return mail receipt on the Court's electronic docket reveals that

---

[1] The Court also notes that Petitioner filed a previous federal habeas petition on May 21, 2007. Harpe v. Washington, No. 1:07-cv-1168-WSD. The Petitioner voluntarily dismissed this petition on August 22, 2007. It is settled law that the previous federal habeas petition does not toll the statute of limitations for the petition in this action. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Respondent <u>received</u> the December 20, 2007 Order on January 2, 2008. Respondent's January 25, 2008 filing was well within the time limit imposed by Magistrate Judge Walker. Petitioner's Motion for Summary Judgment [11] must be denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court adopts Magistrate Judge Walker's Report and Recommendation [12]. Petitioner's objections to the R&R [13] are **OVERRULED**. The Court **GRANTS** Petitioner's Motion to Amend Objections [14].

**IT IS HEREBY FURTHER ORDERED** that Respondent's Motion to Dismiss [5] is **GRANTED**. This action is **DISMISSED**.

**IT IS HEREBY FURTHER ORDERED** that Petitioner's Motion for Summary Judgment [11] is **DENIED**.

**SO ORDERED** this 2nd day of July 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE